UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:<br><br>DAVID L. FULLER and<br>BETSY L. FULLER,<br>　　　　Debtors | Chapter 13 No. 08-40791-JBR |
| DAVID L. FULLER and,<br>BETSY L. FULLER,<br>　　　　Plaintiffs<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, as Trustee for the registered<br>Holders of CDC Mortgage Capital Trust<br>2003-HE4, Mortgage Pass-Through Certificates,<br>Series 2003-HE4, et al.,<br>　　　　Defendants | Adv. Pro. No. 08-04058-JBR |

### PLAINTIFFS' STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Pursuant to Fed.R.Bank.P. 8006, plaintiffs state that they intend to present the following issues on their appeal to the United States District Court of the judgment entered in favor of defendant Deutsche Bank National Trust Company:

1. Whether the Bankruptcy Court erred as a matter of law in granting defendant Deutsche Bank's motion for summary judgment on all counts of the First Amended Complaint and denying plaintiffs' motion for summary judgment on all counts of the First Amended Complaint, and more specifically:

    (a) whether plaintiffs' undisputed allegations that the right-to-cancel notices provided to them by the lender stated an incorrect transaction

date and lacked a rescission expiration date, and that the notices were altered by the lender post-closing without their knowledge or consent to reflect a correct transaction date and an expiration date, created a genuine issue of material fact that the notices violated 209 CMR 32.23(2)(a) and G.L. c. 140D, §10(a), thus requiring that the Bankruptcy Court deny defendant's motion for summary judgment on count I of the First Amended Complaint;

(b) whether plaintiffs' undisputed allegations that the right-to-cancel notices provided to them by the lender stated an incorrect transaction date and lacked a rescission expiration date, and that the notices were altered by the lender post-closing without their knowledge or consent to reflect a correct transaction date and an expiration date, established as a matter of law that the lender violated 209 CMR 32.23(2)(a) and G.L. c. 140D, §10(a), thus requiring that the Bankruptcy Court allow plaintiffs' motion for summary judgment on count I of the First Amended Complaint;

(c) whether plaintiffs' undisputed allegations that they were not provided with the Massachusetts high cost mortgage loan application disclosure at any time in the form dictated by the Commissioner of Banks, and the lack of any evidence to the contrary in the summary judgment record, created a genuine issue of material fact that the lender violated 209 CMR 32.32(3)(f)(1) and G.L. c. 140D, §10(a), thus requiring that

the Bankruptcy Court deny defendant's motion for summary judgment on count II of the First Amended Complaint;

(d) whether plaintiffs' undisputed allegations that they were not provided with the Massachusetts high cost mortgage loan application disclosure at any time in the form dictated by the Commissioner of Banks, and the lack of any evidence to the contrary in the summary judgment record, established as a matter of law that the lender violated 209 CMR 32.32(3)(f)(1) and G.L. c. 140D, §10(a), thus requiring that the Bankruptcy Court allow plaintiffs' motion for summary judgment on count II of the First Amended Complaint; and

(e) whether in view of the Court's erroneous summary judgment rulings on count I and/or count II, it was also error to allow defendant's motion for summary judgment on count III of the First Amended Complaint and to deny plaintiffs' motion for summary judgment on said count.

            Plaintiffs, by their attorney:

            /s/Kenneth D. Quat
            BBO #408640
            QUAT LAW OFFICES
            678 Massachusetts Avenue, Suite 702
            Cambridge MA 02139
            617-492-0522
            ken@quatlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2009, I caused copies of the foregoing document to be served by electronic mail or first class mail, as indicated, to the parties on the attached service list.

/s/Kenneth D. Quat
BBO #408640
Attorney for Plaintiffs/Debtors
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
ken@quatlaw.com

## Service List

By electronic mail: David R. Chenelle, Esq.; Denise Pappalardo, Esq.; David Fialkow, Esq.

By first class mail, postage prepaid: David and Betsy Fuller, 22 Nevada Road, Tyngsborough MA 01879.